UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLOCK,<br><br>           Petitioner,<br><br>    v.<br><br>MIKE McDONALD, Warden,<br><br>           Respondent. | NO. CV 10-1824 JHN (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br><br>**CONCLUSIONS AND RECOMMENDATIONS**<br><br>**OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing Objections to the Report and Recommendation has passed and no Objections have been received. Accordingly, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, with the following modifications.

\\

\\

\\

\\

At page 18, line 22, append the following to the existing paragraph:

To the extent that the California Court of Appeal addressed Petitioner's claims, its decision is entitled to deference. See 28 U.S.C. § 2254(d). However, the California Court of Appeal did not address the merits of Petitioner's claim in Ground Two that he was deprived of his Sixth Amendment right to confront and cross-examine prosecution witness Kyle David. (See Lodgment 4 at 34-45). Therefore, with respect to this claim, the Court conducts an independent review of the record. See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). Further, AEDPA deference does not apply to this claim and the Court's review is de novo. See Williams v. Cavazos, __ F.3d __, 2011 WL 1945744, at *7 (9th Cir. May 23, 2011).

At page 41, line 10, delete the existing paragraph.

At page 42, line 13, delete the existing paragraph and replace with the following:

In sum, to the extent that the California Court of Appeal rejected this claim on the merits, the Court concludes that its decision was not contrary to or an unreasonable application of federal law, nor was it based upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). To the extent that the California Court of Appeal did not address Petitioner's claim that he was deprived of his Sixth Amendment right to confront and cross-examine Kyle David, the Court concludes that the claim fails under de novo review because Mr. David gave no

1  "testimonial statements" on which to base a claim of violation of the
2  Confrontation Clause.  Thus, Petitioner is not entitled to habeas relief
3  on his claim in Ground Two.

4  Accordingly, IT IS ORDERED THAT:

5  1.  The Petition is DENIED and Judgment shall be entered dismissing
   this action with prejudice.

6  2.  The Clerk shall serve copies of this Order and the Judgment
   herein by United States mail on Petitioner and counsel for Respondent.

Dated: July 20, 2011

_____
JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE